which arose at the last minute. Judge Soberman is unable to be here in person, but he's on the phone, conference call, and will be participating in the argument fully by phone and then, of course, in our post-argument conference afterwards. With that announcement, then, we'll just take the cases in the order listed on the calendar. I note that for case number six, Bouchon v. Ashcroft has been voluntarily dismissed, and U.S. v. Pang, the argument has been vacated upon motion, I think, of the government, but with the proviso that after the panel conference is on the case, we will decide whether to submit it or to reset the argument for another date. But that will be done at a later time. So with that, we will start with the United States v. Hernandez-Carrasco. Good morning, Your Honors. Good morning. Mike Powell for Mr. Carrasco. What we have here is a sentencing issue, and it's a discrete interpretation of what the sentencing court meant when they said or used the words in the specific fence characteristic of 2L1.2B1B, a sentence imposed 13 months or less. Now, what we have here is the offense that we're looking at is one where Mr. Hernandez-Carrasco was granted straight probation under California law where all sentencing was suspended and then he had some conditions of jail time as part of that probation. Now, it's a 12-level enhancement in this particular case if it qualifies. Now, under the particular specific offense characteristic, there's a condition present to that 12-level increase. That means there must be a sentence imposed. But the sentencing commission in its commentary, which the U.S. Supreme Court says we're bound to follow, defines what sentence imposed means, and it defines it specifically in terms of a sentence imposed is only that part of a sentence of imprisonment that has not been probated. So the way it looks to me that once they've defined that and they're talking about a term or a sentence of imprisonment does not count at all if it's been completely probated. And that's exactly what happened in this case. I mean, there's the government side of the Second Circuit procuring decision in Mullins, which looked at the dictionary definition of what zero was. But I think the focus in Mullins, number one, is they didn't even address the commentary at all where there was a definition. But they're looking at it from backwards. You have to get ñ there has to be a sentence imposed in accordance with the definition or who cares whether it was 13 months or less. And in this case, that's the exact idea we have under the commentary, which is binding, that there was no sentence imposed here because all of it was probated. Mr. Powell? Yes, sir. This is Silverman in Phoenix. The guidelines in Section 4A.1.2 defines a sentence of imprisonment to mean a sentence of incarceration. And wasn't your fellow sentenced to six months of incarceration? Well, yes, Judge, he was as a condition of probation. Right, but I mean, why isn't that portion, the part that he actually had to serve behind bars, why isn't that the portion that was not probated and the remaining portion of the sentence was probated? Well, because there was no sentence actually imposed, Judge. I don't disagree that a sentence of incarceration was there. But we're looking at two different aspects. That's for a criminal history calculation under 4A. I mean, in this case, we're already double counting that with permission of the Sentencing Commission. So I don't think that that necessarily translates to the definition of what a sentence imposed in this case was because the Sentencing Commission specifically defined what they meant by that. I mean, if they would have wanted to refer to 4A, they could have if that was their intent. But here, what they made, they gave us a very specific definition of what sentence imposed is within that particular specific sentence. Which is any part of the sentence that is not probated. Exactly. And it sounds to me like six months of it was not probated. Well, no, Judge, because that was incarceration, but it doesn't qualify as a sentence of imprisonment under the commentary because there was no actual sentence of imprisonment imposed under California law. And in the reply brief, we cited to the Court's recent decision. What does that turn on? I mean, the words that the sentencing judge uses? Is that what it turns on? I mean, Judge Silverman says he did serve actually six months in jail, right? As a condition of probation. Right. And we're bound apparently by California law. That's what this Court said in Garcia-Lopez, which it had said previously in Robinson and Qualls. But suppose the judge says, and as a condition of probation, I sentence you to a six-month term of imprisonment. Is that a sentence imposed? Well, no, not under this judgment. Why not? I mean, at least if we're looking at California law. I mean, we're talking about a sentence of imprisonment. California law control, or is this a Federal question? Well, I understand that, Judge, but we still have to look at least the Court in this area, when we're talking about California law, has now four different cases on the books that discuss looking at this. And this Court has found that that isn't a punishment. That's not a sentence of imprisonment, at least under California law. And we've imported that into the Federal Court, especially most recently in Garcia-Lopez v. Ashcroft, which referred back to both Robinson and Qualls, when you're talking about how you treat a sentence in Federal court once it's been imposed under California law. I understand your technical argument, but doesn't it lead to somewhat of an absurd construction? I mean, I do understand your technical argument, but basically you're saying that a person who has been in prison actually should be deemed not to have been in prison, that a person who has been sentenced should be deemed basically not to have been sentenced at all. Well, he's – For purposes of the guideline. Well, it is the guideline. Explain to me why that makes any sense in the real world. Well, I think it – well, it makes sense in this case, Judge Thomas, because what happened is, is that, okay, it gets counted. That sentence of imprisonment gets counted. But if you look at the scheme that the Sentencing Commission imposed in the new – the 2001 guidelines, they're trying to grade the aggravated felonies in severity and time. And, I mean, they can do it. Maybe it doesn't make sense in that. But, I mean, if you're talking about how – is it serious or not, and, you know, like the Court said in Robles-Rodriguez, we're giving deference to the State Court. They found this wasn't a particularly serious crime because they gave the man straight probation. So, in the real world, that makes sense if you're grading on two things, the type of crime and the severity of the punishment. And I've always assumed that that's what aggravated felonies in this context were designed to do. I don't know what you mean by the term straight probation. In our parlance here in Arizona, straight probation means simply do not commit any other crime, does not include a condition of jail time as a condition of probation. Well, yes, sir, I think that may be true. But you're looking at a lot of what they were probably trying to at least account for. There are some, the majority of jurisdictions, or at least a fair balance, some impose a sentence first. And California can do that. They have several methods of doing it when they're determining whether or not this is a serious enough offense. They can actually impose a sentence of imprisonment in California and then suspend it. But under this particular procedure in California, there is no sentence of imprisonment actually imposed. That's how I use the term straight probation. All right. You've got about three minutes left. Do you want to reserve it? Yes, if I may. Thank you. May it please the Court, Ron Ratio from the U.S. Attorney's Office in Reno. It appears, looking at this particular case, that the defense is not contesting the fact that there is a felony conviction. And they're not contesting the fact that it was for possession of a controlled substance for purposes of sale. Starting with that premise, we look at the guidelines. And the guidelines, when they were revised, said that in drug trafficking offenses, and this falls within a drug trafficking offense definition, they'll be treated one of two ways. If you're convicted of a drug trafficking offense and you're sentenced to 13 months or more, there will be a 16-level increase. If you are sentenced to 13 months or less, it will be a 12-level increase. If it's a drug trafficking offense, there has to be a 12 or a 16-level increase, depending on the sentence. In this case, probation is certainly a sentence. It's a conviction under California law. Suppose the judge says, well, I suspend sentence and impose two years probation. Has the defendant been sentenced? I would say yes. He's certainly been convicted. No, but it says sentence. But what about, you know, there's a lot of variations. I mean, there's, you know, there are these diversion programs, for instance, right? If there was a diversion program. Is that a sentence? Normally under diversion programs, sentence is held in abeyance. If it's completed, then the conviction would be dismissed. So there's no sentence in that case. You concede that. Under diversion programs. Hypothetically. Hypothetically, I would concede that under diversion program, the sentence is not actually well, it depends on the different states. Some impose it and suspend it, and then they allow a person who successfully completes to withdraw. So probation is somewhere in between that and what I'll call a straight sentence, right? Straight prison sentence. Probation, unless some further action is taken by the court, is a conviction. It's the judgment of conviction. Probation is a sentence. If later on it's. Under your theory, it doesn't make any difference that he served time. Under my theory, it doesn't make any difference. If it's a drug trafficking offense, much like the Mullings case out of the Second Circuit, if there's some punishment imposed, then probation is certainly a punishment. So what you're saying is what controls is the conviction. Correct. I mean, at least for the, you know, for the lowest level of the guideline. That's the way I read the guidelines, the way I understand it. I think that's the intent of it. If there's a drug trafficking conviction, you get a 12-level increase or a 16-level increase. Defense contended in their brief there should be an eight-level increase, but if they're a drug trafficking felony, and it should be 12, and we believe the court was proper below. And unless there are any other questions, I would submit or not. It's a pretty straightforward argument, isn't it, on your part? All right. No. Any questions? No. No. All right. Thank you, Mr. Rachel. All right. Rebuttal. Just briefly. We have three different classifications of aggravated felonies under the 8, the 16-point, the 12-point, and the 8-point. Now, if you look at the structure of the amendment that the sentencing commission set forth, they graded those because they wanted to get rid of the fact that all of them were 16-pointers no matter what. And they did. They put in a scheme into place, and it takes into two different concepts, one, the type of crime, and then the seriousness of the crime. And that's exactly what the Fifth Circuit explained in the case that we cited in our brief. They laid it all out. It was a very well-reasoned opinion about if you're looking at the context of this in seriousness and so on, we're not saying it's not an aggravated felony. I mean, we can't make that argument. But it's an 8-point bump, and there's a difference between 8 and 12 in a lot of months in terms of incarceration. Yeah. How does that pencil out, I was going to ask you? Have you calculated how much difference the 18 months? At the low end, it's a difference between 18 months and 30 months. So, I mean, that's a significant time. It almost doubles it. And I think that's exactly what the Sentencing Commission was trying to do, because under the old application, 05, they left it up to the discretion of the judge to give a downward departure. They wanted to get rid of that because it wasn't working. And that's exactly what they said when they passed Amendment 632, was this is a mess and we need to give it some structure. And how they did it was seriousness and time. And that's both true in a lot of the different things. And they also defined certain things out of it. But I think in this case, if you look at the meaning of sentence imposed, you can't get past that for the 12-pointer. You just can't because there was no sentence imposed. You drop to the C level and it's an 8-pointer. Okay. Thank you. We certainly understand your argument. Thank you, Mr. Powell. Thank you. This case is submitted for decision. Our next case on the argument calendar is United States v. Contreras-Contreras.
judges: Tashima, Thomas, Silverman